FILED '09 MAY 04 15:13 USDC-LAE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTOFFER J. BONILLA AND JOHN THOMAS WRAY, <br><br> Plaintiffs, <br><br> v. <br><br> BRENDA HURST, Director of the Orleans Parish Office of Marriage Licensing; DARLENE W. SMITH, State Registrar of Vital Records and Statistics; DR. RONY FRANCOLA, Assistant Secretary for the Office of Public Health; ALAN LEVINE, Secretary of the Department of Health and Hospitals; and JAMES D. CALDWELL, Attorney General, <br><br> Defendants. | Civil Action No. 09-3445 <br><br> Section "____", Mag. "____" <br><br> SECT. N MAG 4 |

### COMPLAINT

Plaintiffs KRISTOFFER J. BONILLA and JOHN THOMAS WRAY (collectively, "Plaintiffs"), for their Complaint against Defendants BRENDA HURST, DARLENE W. SMITH, DR. RONY FRANCOLA, ALAN LEVINE, and JAMES D. CALDWELL (collectively, "Defendants"), state as follows:

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

1

## PARTIES

1. Plaintiff Kristoffer J. Bonilla is a citizen of the United States and a resident of Louisiana.

2. Plaintiff John Thomas Wray is a citizen of the United States and a resident of Louisiana.

3. Defendant Brenda Hurst is a citizen of the United States and a resident of Louisiana. Hurst is the Director of the Orleans Parish Office of Marriage Licensing, and, as such, is the public official charged with reviewing applications for marriage licenses, insuring compliance with state regulation and issuing licenses to prospective couples. Hurst is sued herein solely in her official capacity.

4. Defendant Darlene W. Smith is a citizen of the United States and a resident of Louisiana. Smith is the State Registrar of Vital Records and Statistics of Louisiana, and, as such, instructs and supervises local registrars by prescribing and furnishing vital statistic forms, including marriage license forms for use by licensing officials. In addition, Smith arranges and preserves all registered vital statistics licenses, including marriages, in a comprehensive state index. Smith is sued herein solely in her official capacity.

5. Defendant Rony Francola is a citizen of the United States and a resident of Louisiana. Francola is the Assistant Secretary of the Office of Public Health for the State of Louisiana. As such, upon information and belief, Dr. Francola reports to Levine and is the official responsible for prescribing and furnishing the forms for the application for the license to marry, the certificate of registry of marriage, and the marriage certificate. Levine is sued herein solely in his official capacity.

6. Defendant Alan Levine, M.D., is a citizen of the United States and a resident of

Louisiana. Levine is the Louisiana Secretary for the Department of Health and Hospitals, and, as such, is responsible for enforcing Louisiana laws regulating the licensing of marriage through oversight and control of both the Office of Public Health and State Registrar of Vital Records and Statistics. Levine is sued herein solely in his official capacity.

7. Defendant James D. Caldwell is a citizen of the United States and a resident of Louisiana. Caldwell is the Attorney General for the State of Louisiana, and, as such, bears ultimate responsibility for enforcing Louisiana's legal restrictions on the right to marry. Caldwell is sued herein solely in his official capacity.

### JURISDICTION AND VENUE

8. This Court has personal jurisdiction over each of the Defendants, because the individually named Defendants reside in Louisiana, and the acts and omissions of each Defendant giving rise to Plaintiffs' claims occurred in Louisiana.

9. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 and 1343, because the claims arise under the Civil Rights Act, 42 U.S.C. § 1983.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), because many or all of the Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this District.

### FACTS COMMON TO ALL COUNTS

11. Plaintiffs are both men, and are a same-sex couple in a long term, committed relationship.

12. On April 2, 2009, Plaintiffs applied for a marriage license at the Orleans Parish Marriage License Office.

13. Plaintiffs' application for a marriage license was denied, solely on the grounds that Plaintiffs are both men and that Article XII, § 15 of the Louisiana Constitution and Louisiana Civil Code Articles 86, 89, and 3520 deny an individual the right to marry a partner of the same sex.

14. Plaintiffs are physically, mentally, and emotionally fit, and are in all respects capable of entering into a committed, married relationship, were they not prohibited from doing so under the Louisiana Constitution and Louisiana Civil Code.

15. Each of the Defendants herein, in his or her official capacity, is responsible for implementing and enforcing the prohibition on same sex marriage under the Louisiana Constitution and Louisiana Civil Code.

16. Each of the Defendants herein, in his or her official capacity, has acted to implement and enforce the prohibition on same sex marriage under the Louisiana Constitution and Louisiana Civil Code, and thereby acted to deny Plaintiffs' application for a marriage license.

### COUNT I: DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

17. For Paragraph 17 of Count I, Plaintiffs adopt and incorporate Paragraphs 1 through 16 by reference, as if the same were fully set forth herein.

18. At all times relevant hereto, Plaintiffs had and have a fundamental right to the issuance of a marriage license pursuant to the United States Constitution and international law. Plaintiffs' fundamental right to the issuance of a marriage license derives from the following sources:

    a. The Free Association, Right to Petition, Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution;

    b.    The Eighth Amendment to the United States Constitution;

    c.    The Ninth Amendment to the United States Constitution;

    d.    The Tenth Amendment to the United States Constitution;

    e.    The Due Process and Privileges and Immunities Clauses of the Fourteenth Amendment to the United States Constitution;

    f.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

    g.    The Contract Clause of Article I, § 10 of the United States Constitution;

    h.    The Bill of Attainder Clause of Article I, § 10 of the United States Constitution;

    i.    The Supremacy Clause of Article VI of the United States Constitution;

    j.    Article I, § 3 to the United Nations Charter;

    k.    Articles 2, 3, 6, 7, 12, 16 and 22 of the Universal Declaration of Human Rights; and

    l.    Articles 17, 23, 25 and 26 of the International Covenant on Civil and Political Rights.

19. By denying Plaintiffs' application for a marriage license, Defendants violated Plaintiffs' fundamental right to the issuance of a marriage license pursuant to the United States Constitution and international law.

20. Defendants denied Plaintiffs' application for a marriage license on the basis of express policies and widespread practices of the State of Louisiana, as expressed in Article XII, § 15 of the Louisiana Constitution and Louisiana Civil Code Articles 86, 89, and 3520.

21. Defendants were acting under color of state law at all times relevant to this

Complaint. Specifically, Defendants were acting under color of Article XII, § 15 of the Louisiana Constitution and Louisiana Civil Code Articles 86, 89, and 3520.

22. Plaintiffs' fundamental right to the issuance of a marriage license is in need of protection.

23. As a direct and proximate consequence of Defendants' acts and omissions as alleged herein, Plaintiffs have suffered and are continuing to suffer irreparable injury, as they have been deprived of the ability to marry and the rights and benefits attendant to marriage.

24. Plaintiffs have no adequate remedy at law, as they are being deprived of their rights under color of Louisiana state law.

25. The balance of equities favors granting Plaintiffs a marriage license, as granting Plaintiffs a marriage license will not result in any cognizable harm or injury to Defendants, whereas depriving Plaintiffs of a marriage license has permanently deprived them of the ability to sanctify their committed relationship, and to exercise all of the rights and benefits attendant to marriage.

26. There is an actual and substantial controversy between Plaintiffs and Defendants with respect to whether Plaintiffs have a fundamental right to the issuance of a marriage license pursuant to the United States Constitution and international law.

27. Declaratory relief is required to address the question of whether Plaintiffs have a fundamental right to the issuance of a marriage license pursuant to the United States Constitution and international law.

WHEREFORE, Plaintiffs respectfully pray that this Court enter a Judgment: (1) declaring that Plaintiffs have a fundamental right to the issuance of a marriage license pursuant to the United States Constitution and international law; (2) declaring that Article XII, § 15 of the

Louisiana Constitution and Louisiana Civil Code Articles 86, 89, and 3520 are invalid because they are unconstitutional, illegal under international law, or both; (3) enjoining Defendants from enforcing Article XII, § 15 of the Louisiana Constitution and Louisiana Civil Code Articles 86, 89, and 3520, and prohibiting Defendants from denying an otherwise eligible couple from receiving a marriage license on the basis of the fact that both members of the couple are of the same gender; (4) directing Defendants to issue a marriage license to Plaintiffs; (5) awarding Plaintiffs their costs and fees in accordance with 42 U.S.C. § 1988; and (6) awarding Plaintiffs such other and further relief as the Court deems necessary or appropriate.

**MAY 4, 2009**

**KRISTOFFER J. BONILLA AND
JOHN THOMAS WRAY,** *pro se*

_____
Kristoffer J. Bonilla, *pro se*
16 Yosemite Drive
New Orleans, Louisiana 70131
kb@nolalaw.net
(504) 343-0044

_____
John Thomas Wray, *pro se*
1805 Esplanade Avenue
New Orleans, Louisiana 70116
jt@nolalaw.net
(504) 616-5350